TRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Claim of CARMELO CORTESI, Respondent, against IUPPA & BATTLE COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Claim of MIKE KSIUK, Respondent, against PENN SILK MILLS INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there being no evidence to sustain the finding as to permanent defect in the wrist, and it appearing that there was not a total loss or loss of use of two.or more digits (Workmen's Comp. Law, § 15, subd. 3, ¶ q), the award for thirty-five per cent for loss of use of hand was erroneous and should have been confined exclusively to the fingers. (Matter of Rounds v. Davis Furniture Co., 250 N. Y. 405.) All concur, except Hill and McNamee, JJ., who dissent and vote to affirm upon the ground that the evidence sustains the finding that there was a hand injury.

In the Matter of the Claim of HELEN J. LONG, Respondent, against MERRITT ENGINEERING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Claim of FRANK INGELFINGER, Respondent, against JACOB DOLD PACKING COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. McNamee, J., dissents on the authority of Matter of Eldridge v. Endicott-Johnson & Co. (228 N. Y. 21).

In the Matter of the Claim of IDA MILLER, Respondent, against A. W. HALE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Claim of PHILIP MOSCON, Respondent, against MARTIN THOMFORD and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Claim of BERTHA ROBLEE, Respondent, against NEW YORK TELEPHONE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.

JOHN XANNOS, Appellant, v. SPRING PARK CLUB, INCORPORATED, and Another, Respondents.— Judgment reversed on the law and facts, and judgment rendered in favor of the plaintiff and against the defendants for an injunction, and for costs. The sale of ice cream, soft drinks, candy, light lunches, cigars, cigarettes and tobacco to be enjoined during the term of plaintiff's lease in the portions of the " Butler Block " leased after April 9, 1928. Such articles may be sold by tenants who were so engaged prior to the date of plaintiff's lease. The court reverses findings of fact in the decision numbered " sixteenth," " seventeenth," " eighteenth," " nineteenth," " twentieth," " twenty-first " and " twenty-second," and makes the following new findings: The plaintiff has sold at all times since making the lease on April 9, 1928, and continues to sell ice cream, soft drinks, candy, light lunches,

cigars, cigarettes and tobacco; the restriction that the lessor " refrain from renting any other store in said Butler Block for a similar business except what is now being occupied for said purpose " applies to the sale of merchandise of the character mentioned; the defendant Ehrmann had knowledge of the restriction at and before the time he entered into his lease and the business conducted by him was and is in violation of the restriction. All concur.